IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LEWIS CLAY SHULER, JR., | ) | |
| Plaintiff, | ) ) ) | NO. 3:18-cv-01223 |
| v. | ) ) | |
| DARON HALL, ET AL., | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE BROWN |
| Defendants. | ) | JURY DEMANDED |

**ORDER**

Presently pending in this case is a Motion for Judgment on the Pleadings (DE 24) by all Defendants. The Plaintiff was instructed to respond to this Motion (DE 27) On October 8, 2019 (DE 28) he filed a Request for Extension of Time to Respond. He was granted an extension to October 29, 2020 to respond the motion for a judgment on the pleadings. On October 28, 2019 the Plaintiff put in the prison mail system a Memorandum of Law in Support of Plaintiff's Motion for the Appointment of Counsel. The Plaintiff did not actually file a motion, nevertheless the Court will treat the memorandum as a Motion and the Motion is DENIED.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells, 469 F.Supp.* 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane,* 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstance exists.

The Motion in question is not directed to complicated legal issues. A Motion for Judgment on the Pleadings simply tests whether the Plaintiff has stated a cause of action in his pleadings. The Defendants contend he has not shown his incarceration in solitary confinement differs significantly from being in the general jail population or of what roll each of the Defendants played in extending his time in solitary confinement. The sole claim remaining in this case is stated by Judge Campbell in DE 10 at page 21:

> "**IV Conclusion** In light of the foregoing, the Court finds the Plaintiff has stated non-frivolous due process claim against Defendants Johnson, Dial, Levy and Hindsley, regarding their allegations of his solitary confinement for six months."

This ruling was done on the initial screen of the complaint without input from any defendant, The Defendants have now filed a Motion and Memorandum alleging the Plaintiff has failed to state an offense. Although the Plaintiff had an opportunity to amend his complaint after this motion was filed on August 27, 2019, and the Plaintiff was advised of the need to respond or to amend his complaint (DE 27) he has not amended his complaint and the time to do so as a matter of right has expired. The case with a single remaining issue is not as complex as the Plaintiff alleges The medical claims have been dismissed. He has not shown the exceptional circumstances that would warrant the appointment of counsel. His case only presents the difficulties inherent for any incarcerated inmate.

Giving the Plaintiff the benefit of the doubt that he intended his motion to be a request for additional time to respond to the Motion to Dismiss while it was being considered, the Plaintiff is

given a final extension to December 30, 2019 to file a response to the pending motion or request to amend his complaint. If he seeks to amend his complaint he must attach to any motion to amend a draft amended complaint that is complete in all details so the court and parties only look at a single document and he should not include any claims that were dismissed by the court on initial review..

The Clerk will send the Plaintiff a copy of the original screening order in this case (DE 10) and a copy of the docket sheet along with this order. The Defendants will have seven (7) days to file a reply to the Plaintiff's response.

SO, ORDERED.

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge