IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEWIS CLAY SHULER, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-01223 |
| DARON HALL, et al., | ) |
| Defendants. | ) |

TO: The Honorable William L. Campbell, Jr., District Judge

**REPORT AND RECOMMENDATION**

Presently pending is a Motion for Judgment on the Pleadings by all remaining Defendants (DE 24). No response to this Motion has been filed by the Plaintiff.

For the reasons stated below, the Magistrate Judge recommends the Motion be granted and this case dismissed with prejudice. It is further recommended any appeal from a decision dismissing the case not be certified as taken in good faith.

**I. BACKGROUND**

The Plaintiff filed his Complaint in this matter (DE 1) on November 1, 2018. The Complaint was reviewed in accordance with the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e (DE 10). After a lengthy and detailed review of the Plaintiff's rather general complaint against a laundry list of over thirty defendants for a multitude of violations, the District Court allowed the matter to proceed only against Defendants Johnson, Dial, Levy and Hindsley and only on the claim that they allegedly extended his solitary confinement for six (6) months (DE 10). In the Order accompanying the review, the matter was referred to me for

1

Case Management and for a Report and Recommendation as to any dispositive matter. The Court further noted in this Order (DE 11) that "the Court's determination the Complaint states a colorable claim for purposes of this initial screening does not preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12".

Service of Process was obtained on all four (4) Defendants. The Defendants, Dial, Levy and Hindsley, filed an Answer to the Complaint on June 19, 2019 (DE 18), and the Defendant, Johnson, filed an answer to the Complaint on July 30, 2019 (DE 22).

In reviewing the Complaint itself, the Plaintiff's complaint against Defendant Johnson, contained in paragraph six (6), stated "the defendant has also extended Plaintiff's stay in solitary confinement subjecting Plaintiff to cruel and unusual punishment". The complaint against Defendant Dial alleges, "Plaintiff ask[ed] to speak with the defendant who then put Plaintiff in solitary confinement. Defendant stated he did not care about the Plaintiff's pains and because of incident on November 6, 2017 he would leave me in isolation direct deliberate indifference to Plaintiff's health and safety and cruel and unusual punishment and denial of due process" (paragraph 11). As to Defendants Levy and Hindsley, the complaint alleged "after Plaintiff's numerous complaints of civil rights violations and acts of retaliation, both Defendants in spite of the facts shown on videos and previous write-ups, in retaliation from November 6, 2017 incident both defendants continued to extend the plaintiff stay in solitary confinement with consecutive days leaving Plaintiff to serve a total of 6 months in Solitary Confinement subjecting Plaintiff to cruel and unusual punishment. Direct deliberate indifference to plaintiff's health and safety Plaintiff now takes mental health medication because of stress and depression as well as anxiety from sensory deprivation" (paragraph 21). In their answers, Defendants Dial, Levy and Hindsley (DE 18), alleged the following:

Defendant Dial stated he "does not have any involvement with determining if placement in restricted housing is warranted after a disciplinary decision. Lt. Dial placed Plaintiff in restricted housing on November 6, 2017 because of the safety threat he posed officers after he violently assaulted them on November 6, 2017. Lt. Dial's placement was only in place until the disciplinary decision. At which point, he has no personal involvement in housing decisions. Any allegation inconsistent herewith is expressly denied."

Defendant Levy stated she "never unreasonably extended Plaintiff's housing stay. Every decision in which she was personally involved to place Plaintiff in restricted housing was in consideration of legitimate objectives, such as maintaining security and order. Any allegation inconsistent herewith is expressly denied."

Defendant Hindsley stated he "denies being responsible for Plaintiff's housing assignment. To the extent he had any personal involvement; he never unreasonably extended Plaintiff's housing stay. Every decision in which he was personally involved to place Plaintiff in restricted housing was in consideration of legitimate objectives, such as maintaining security and order. Any allegation inconsistent herewith is expressly denied."

Defendant Johnson's Answer (DE 22) states, "The Statement of Claim does not contain separate and distinct paragraphs for factual allegations. Therefore, this Defendant cannot respond to them as individually numbered paragraphs. In response to Plaintiff's statement of claims, Defendant denies being responsible for Plaintiff's housing assignment. To the extent he had any personal involvement; he never unreasonably extended Plaintiff's housing stay. Every decision in which he was personally involved to place Plaintiff in restricted housing was in consideration of legitimate objectives, such as maintaining security and order. Any allegation inconsistent herewith is expressly denied."

3

A Scheduling Order (DE 23) was entered on August 7, 2019, which provided that all dispositive motions to dismiss or for summary judgement would be filed by March 9, 2020 with responses due by April 8, 2020, and if dispositive motions were filed before the deadline the deadlines for filing responses and replies would be advanced accordingly. *Id*. at 4. Thus, when all four (4) Defendants filed a Motion for a Judgment on the Pleadings (DE 24) on August 27, 2019, the Plaintiff's response was due September 26, 2019. In response to a letter (DE 26) from the Plaintiff requesting the case status on August 30, 2019, the Plaintiff was told by Order (DE 27) entered the same date that he must respond to the Motion for Judgment on the Pleadings within 28 days of receipt and if he sought "to amend his Complaint under the Fed. R. Civ. P. 159a)(1) he must request permission to do so and attach a Complaint that is complete in all details so the Court and parties have to look at only a single document to see what his complaint is."[1] Upon receipt of the Court's Order, the Plaintiff requested an 18 day extension to respond to the Judgment on the Pleadings through October 29, 2020.[2] Attached to his Motion was an Affidavit pointing out the incorrect reference and noting he had looked at Rule 15, but was not sure how to proceed and requested a clarification and a citation to the correct rule concerning amending his complaint.

Upon receipt of the Plaintiff's Motion for Extension of Time and notation about the incorrect citation, I entered an order (DE 29) the next day referring the Plaintiff to Rule 15(a)(2) and noted his response to the Motion or Motion to Amend must be filed by October 29, 2019.

The Plaintiff did not file a response to the Motion for Judgment on the Pleading by October 29, 2019. On November 2, 2019, he filed a Memorandum of Law in Support of a Motion to Appointment Counsel which primarily dealt with his request for counsel to assist on his various medical claims. He did not file an actual motion, only a memorandum concerning appointment of

---

[1] The text order contained a typo that should have referred to 15(a)(2)
[2] The Plaintiff had a typo in his Motion since his request was actually until October 29, 2019.

4

counsel. Subsequently, on December 12, 2019, he filed a letter (DE 31) requesting status of his case.

On December 13, 2019, in response to his letter, I entered an order (DE 32) pointing out that the Plaintiff had been instructed to respond to the Motion for Judgment on the Pleadings and he had been granted an extension to October 29, 2019 to respond to the Motion for Judgment on the Pleadings. The Order noted that the Plaintiff did not file an actual Motion for Appointment of Counsel, but the Court would nevertheless treat the Memorandum as a motion and the motion was denied for essentially the reasons the District Judge denied a Request for Counsel in his order (DE 11) where it was noted that the Complaint moving forward did not deal with allegations of physical abuse by Correctional Officers. The District Judge's denial of Appointment of Counsel was without prejudice to the Plaintiff's ability to seek relief based on **the issues to be litigated** in the case. *Id*. at 4. My Order (DE 32) noted the motion in question was directed to complicated legal issues, but a Motion for Judgment on the Pleadings simply tests whether the Plaintiff has stated a cause of action in his pleadings. The Order noted that the Defendants' contention was that the Plaintiff had not shown his incarceration in solitary confinement differed significantly from being in the general jail population or what role each of the Defendants played in extending his time in solitary confinement. *Id*. at 2. The Order further noted the initial screen which allowed the claims to proceed against the four (4) Defendants regarding his allegations of solitary confinement for six months was a preliminary review without input from any of the Defendants. *Id*. It was noted the Defendants had now filed a Motion and Memorandum alleging that the Plaintiff had failed to state an offense. The Plaintiff was advised he had an opportunity to amend his complaint after the motion was filed on August 27, 2019 and the Plaintiff was advised of the need to respond or amend his complaint and that he had not amended his complaint and the time to do so as a matter of right

5

had expired. *Id*. The Order noted that the Plaintiff was given the benefit of the doubt that he intended his Motion for Counsel to also be a request for additional time, while it was being considered, and the Plaintiff was given a final extension until December 30, 2019 to file a response to the pending motion or request to amend his complaint. *Id*. at 2-3. He was again advised that if he sought to amend his complaint he must attach to any Motion to Amend a draft Amended Complaint which was complete in all details so the Court and Parties only have to look at a single document and should not include any claims that were dismissed by the Court on initial review. *Id*. at 3.

On the same day as my Order (DE 32), Plaintiff filed another a Memorandum of Law in Support of a Motion to Appointment Counsel. (DE 33). This memorandum is identical to the memorandum (DE 30) filed on November 4, 2019.

Unfortunately, as of the date of this Report and Recommendation, the Plaintiff has not filed a response or filed a Motion to Amend his Complaint. Under Local Rule 7.01(a)(3) "[i]f a timely response is not filed, the motion shall be deemed to be unopposed" (see also DE 23, page 4) where this same warning was specifically pointed out to the Plaintiff.

Despite the Plaintiff's failure to respond to the Motion for Judgment on the Pleadings or request for permission to file an Amended Complaint, the Magistrate Judge has, nevertheless, reviewed the Motion to see if it is legally sufficient. The standard of review for a Rule 12(c) Motion is the same as Motion for Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). In reviewing the Motion, the Court must construe the complaint in the light most favorable to the Plaintiff and accept the allegations in the Complaint as true and draw all reasonable inferences in his favor. *Gavitt v. Born*,

6

835 F.3d 623, 639-40 (6th Cir. 2016). Additionally, p*ro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers and should be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). As the Supreme Court noted in *Ashcroft v. Iqbal* 556 U.S. at 678, while a complaint does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted). The Court further stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citations omitted). The Court went on to note that threadbare recitals of elements of a cause of action, supported by mere conclusionary statements, did not suffice. *Id*.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015).

7

## II. Legal Discussion

In this case, after reviewing the Complaint's factual allegations concerning these four Defendants, it is apparent that the Complaint is inadequate when faced with a specific Motion to Dismiss which points out the alleged defects in the Complaint. The Plaintiff was clearly put on notice there were potential deficiencies in his Complaint and he was repeatedly offered an opportunity to amend the Complaint to provide more details concerning why the conditions of his solitary confinement were atypical from the normal conditions of confinement. In this case, from the reading of the Complaint, as well as the Indictment attached to DE 24, Exhibit 1, the solitary confinement was a result of a confrontation between the Plaintiff and two correctional guards which led to the subsequent indictment of the Plaintiff. In the Plaintiff's Complaint itself, he refers to the incident on November 6, 2017 as precipitating his stay in solitary confinement (DE 1, page 9). The Plaintiff noted in his Complaint at page 7, paragraph 4, that he was initially placed in maximum security on June 20, 2017 because he was charged with criminal homicide.

A review of the Complaint against the four defendants shows that the Plaintiff has simply alleged the Defendants harmed him without providing any specific details as to what actions the individual Defendants took. The statement that Defendant Johnson extended his stay in solitary confinement and subjected him to cruel and unusual punishment provides no factual detail as to how this was accomplished. It is as the Supreme Court noted, a threadbare allegation that stops short of the line between possibility and plausibility of entitlement to relief. The allegation against Defendant Dial (paragraph 11) was that after the Plaintiff asked to speak with Dial, and because of the incident on November 6, 2017, Dial would leave him in isolation, again provides no details of what action this Defendant actually took. Finally, the allegations against Levy and Hindsley, who is apparently chairman of the review board, was that, despite the facts allegedly shown on

8

videos and previous write-ups, in retaliation for the November 6, 2017 incident they continued to extend the Plaintiff's stay in solitary confinement. (DE 1, at page 11, paragraphs 21 and 22). Again, this provides no detail of what these individuals actually did or the specific conditions of confinement. All of these allegations are simply threadbare recitation that the Defendants did me wrong and therefore I am entitled to relief.

The Defendants in section two (II) of their motion raise the issue of qualified immunity and note the burden is on the Plaintiff to allege and prove the Defendants violated a clearly established constitutional right and that right is clearly established so a reasonable official would understand what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This argument is further developed in section three (III) of their motion where these defendants devote the heart of their argument to the fact that the Plaintiff has failed to assert that his placement in solitary confinement represents a significant departure from the ordinary conditions of pretrial detainment. The law is clearly established that a prisoner has a due process liberty interest when his confinement imposes atypical deprivation that departs from ordinary detainment conditions. *Sandin v. Conner*, 515 U.S. 427, 485-86 (1995). The *Sandin* rational has been extended to pretrial detainees. *Chapman v. Troutt*, No. 3:10-1009, 2011 WL 4396189 (M.D. Tenn. Sept. 21, 2011).

In the *Chapman* case, Judge Haynes found the Plaintiff's placement in administrative segregation as a pretrial detainee from 4/9/09 to 09/21/11 did not state a cause of action because the Plaintiff had not made any showing that his confinement was atypical of state pretrial detainees. *Chapman* at *3.

Here, the District Judge on initial review gave the Plaintiff the benefit of the doubt on the present claims. However, the Plaintiff was put on notice by the District Judge that the initial determination did not preclude the Defendants from filing a Motion to Dismiss. They have now

9

done so and have specifically pointed out that the Plaintiff made no factual allegations concerning how his solitary confinement differs from other confinements of detainees who are in detention because of homicide charges and have been placed in such confinement because of an altercation with guards. The Plaintiff was advised of the necessity to respond to the motion and how to amend his Complaint. The Plaintiff has not responded in a timely fashion to the motion and he has not sought to file an Amended Complaint to provide the specific details which have been pointed out that his Complaint lacks. Although it does not appear to be a heavy burden, it nevertheless remains on the Plaintiff to show significant differences between his solitary confinement and normal administrative or other confinement.

The Plaintiff has failed to assist the Court to find anything in his Complaint that meets this burden. In evaluating whether a complaint states a claim for relief, courts "'should not assume facts that were not pled'" and "will instead consider 'only those facts alleged in [the plaintiff's] complaint and the reasonable inferences that can be drawn from those facts.'" *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 399 (6th Cir. 2013) (citations omitted).

As the Defendants noted in section four (IV) of their motion, the Defendants are entitled to know what they personally did, and the Defendants are entitled to know with particularity the facts that demonstrated what *each* Defendant did to violate the asserted constitutional right. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). The Complaint must "impute concrete acts to specific litigants or it fails to state a plausible claim." *Rodrigez v. Providence Comm'y Corrs., Inc.,* 191 F. Supp. 3d 758 (M.D. Tenn. 2016) (citations and quotation marks omitted). As the Defendants note, the Plaintiff's Complaint alleges acts by these four Defendants in very broad and general strokes. This is simply insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal.*

Without proper factual allegations as opposed to legal conclusions, the Plaintiff has failed to state a cause of action sufficient for the Court to find that the Plaintiff has alleged a constitutional violation given the need of a prison to maintain internal security to preserve the internal order and discipline within the institution. As the Supreme Court has noted,

> Prison officials must be free to take appropriate action to ensure the safety of inmates and correctional personnel and to prevent an escape or unauthorized entry.
> . . . .
> Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinally defer to their expert judgment in such matters.

*Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (citations omitted).

### III. Recommendation

For the reasons stated above, the Magistrate Judge recommends the motion be granted, this case be dismissed with prejudice, and any appeal not be certified as taken in good faith.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge